UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON SPURLIN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO. 8:05-CV-836-T-27TBM
            8:03-CR-307-T-27TBM

## **O R D E R**

Petitioner, an inmate in a Federal penal institution represented by privately retained counsel, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 challenging his 2004 conviction on a drug-related charge (CV Dkt. 1/CR Dkt. 31). The Court has undertaken the review required by Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts,[1] and finds, for reasons set forth below, that service of the motion is not required.

### **Background**

Having waived prosecution by indictment, Petitioner was charged by information on July 23, 2003, with conspiracy to manufacture and distribute a quantity of a mixture and substance containing a detectible amount of 3,4-methlenedioxymethamphetamine, also known as MDNA, also known as esctasy, a Schedule I controlled substance, in violation

---

[1]Rule 4(b) provides, in pertinent part, that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."

of Title 21, U.S.C. §§ 846 and 841(b)(1)(C) (CR Dkts. 1 at 1; 2). Represented by counsel, Petitioner entered into a written plea agreement whereby he agreed to enter a plea of guilty as charged in exchange for the Government's promise, *inter alia*, "not to charge [him] with committing any other federal criminal offenses known to the [Government] at the time of the execution of [the] agreement related to the conduct giving rise to [the] plea agreement" (CR Dkt. 3 at 1; 3). In his written plea agreement, Petitioner expressly waived his right to appeal any sentence imposed:

> . . .directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

CR Dkt 3 at 12-13. In short, Petitioner waived his right to appeal any factual or legal finding made by the Court in calculating the appropriate guideline range, unless the Court upwardly departed or the Government appealed.

On September 9, 2003, Petitioner appeared before a federal magistrate judge and entered his guilty plea (CR Dkt. 11). The plea was accepted on October 3, 2003, (CR Dkt. 17), and Petitioner was sentenced on March 31, 2003, to a term of ninety-seven (97) months imprisonment, to be followed by a thirty-six (36) month term of supervised release (CR Dkt. 26). Judgment was entered the same day. The Court did not upwardly depart in imposing Petitioner's sentence, and neither the Government nor Petitioner appealed.

On May 2, 2005, Petitioner filed the instant motion asking the Court to set aside his conviction, vacate the judgment and sentence, and grant him a new trial based on his assertion that trial counsel "was ineffective for failing to object to factual inaccuracies within

the presentence investigation report that lead to the incorrect calculation of his Criminal History Category and Offense level" (CV Dkt. 1 (unnumbered)). For reasons set forth below, the Court finds that since "it plainly appears from the face of the motion and . . . the prior proceedings in the case that [Petitioner] is not entitled to relief," the motion is subject to summary dismissal. Rule 4, Rules Governing Section 2255 Proceedings (2004).

## Standard of Review

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988). Vague, conclusory, speculative, or unsupported claims are insufficient to support granting a request for collateral relief. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992).

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), signed into law on April 24, 1996, established a mandatory one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

> States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(1)-(4).

### Evidentiary Hearing

The Court has carefully reviewed the record and concludes that Petitioner is not entitled to an evidentiary hearing. "Under Rules Governing Section 2255 Cases, Rule 4(b), a district court faced with a § 2255 motion may make an order for its summary dismissal '[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]'" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. § 2255). Accordingly, no hearing is required when the record establishes that a Section 2255 claim lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Petitioner has not established any basis for an evidentiary hearing because the issues he raises are time barred pursuant to 28 U.S.C. § 2255 ¶ 6.

### Discussion

Prior to AEDPA's enactment, prisoners had almost unfettered discretion in deciding when to file an application for collateral relief. Even delays of more than a decade did not necessarily bar a prisoner from seeking relief. See *United States v. Smith*, 331 U.S. 469,

475 (1947). *See also Baxter v. Estelle*, 614 F.2d 1030, 1032-34 (5th Cir. 1980).[2] The AEDPA provides, *inter alia,* that a request for relief pursuant to § 2255 may not be filed more than one year from "the date on which the judgment of conviction becomes *final*." 28 U.S.C. § 2255(1) (emphasis added). "A fundamental purpose for the AEDPA was to establish finality in post-conviction proceedings." *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002).

Even though Petitioner failed to perfect an appeal of the order by filing the notice required by Fed. R. App. P. 3(a)[3] and 4(b)(1)(A),[4] because he was entitled by law to file an appeal as of right from this Court to the Eleventh Circuit Court of Appeals by filing a notice of appeal with the district clerk within 10 days after the entry of the judgment appealed, his one-year limitation period for seeking collateral relief did not commence to run until April 10, 2004, when the period for perfecting an appeal concluded. *See* 28 U.S.C. § 2255. *See also Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that "for federal criminal defendants who do not file a petition for *certiorari* . . . on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *Jones*, 304 F.3d at 1037. Thus, to be considered "timely," Petitioner's § 2255 motion had to be filed on or before April 10, 2005.

---

[2] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a).

[4] "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A).

Since Petitioner did not file his motion for collateral relief until May 2, 2005, the motion is clearly untimely. Petitioner has not demonstrated that he was prevented from filing a timely motion by an "impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States," that "the right asserted was initially recognized by the Supreme Court. . . and made retroactively applicable to cases on collateral review," or that "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Thus, absent equitable tolling, Petitioner's § 2255 motion is time-barred.

Cases interpreting the equitable tolling of the statute of limitations under 28 U.S.C. § 2244 are "equally valid" in § 2255 cases. *See Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*). *See also Brackett v. United States,* 270 F.3d 60, 66 (1st Cir. 2001), *cert. denied,* 535 U.S. 1003 (2002) ("The Supreme Court commonly interprets § 2255 and § 2254 in light of each other.").

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corrs.,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Sec. for the Dept. of Corrs.,* 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the

circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction" (citation omitted)).

Petitioner has failed to satisfy the criteria in this jurisdiction for a finding that exceptional circumstances warrant finding that he is entitled to an exception to the operation of the one-year limitations period. *See id.* Moreover, as discussed *infra*, it would be futile to grant Petitioner's request for leave to file a § 2255 motion beyond the one-year limitations period since he executed a sentence appeal waiver and there is no assertion that his ineffective assistance of counsel claims relate to the negotiation of the plea agreement. Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

### Conclusion

For the foregoing reasons, the Court finds that the motion is subject to dismissal pursuant to the one-year limitations period applicable to § 2255 motions. Because "it plainly appears from the face of the motion . . . and the prior proceedings in the case that the movant is not entitled to relief," the motion is subject to summary dismissal. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2004).

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (Case No. 8:05-CV-836-T-27TBM, Dkt. 1) is **DENIED**.

2. The **Clerk** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**ORDERED** in Tampa, Florida, on _May 17th_, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies furnished to:

Counsel/Parties of Record
SA:jsh