# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**BRANDON SPURLIN,**

                **Plaintiff,**

-vs-                                        Case No.  8:05-cv-836-T-27TBM
                                             Criminal Case No.  8:03-cr-307-T-27TBM

**UNITED STATES OF AMERICA,**

                **Defendant.**

_____

## JUDGMENT

**IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Order entered May 17, 2005, the petitioner's motion to vacate, set aside or correct sentence, is hereby denied. **Judgment is entered against petitioner Spurlin.**

                                      SHERYL L. LOESCH, CLERK


                                      By:    s/Connie  Hodges
                                                Deputy Clerk

Date:   May 18, 2005

Copies furnished to:

Counsel of Record
Unrepresented Parties

<u>CIVIL APPEALS CHECKLIST</u>

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   *Appeals from Final Order Pursuant to 28 U.S.C. §1291:* Only final judgments (or orders) of district courts (or final orders of bankruptcy courts which have been affirmed by a district court under 28 U.S.C. § 158) usually are appealable. A "final" order is one which ends the litigation on its merits and leaves nothing for the district court to do but execute the judgment. A magistrate's report and recommendation is not usually final until judgment thereon is entered by a district court judge. Compare Fed.R.App.P. 5.1, 28 U.S.C. §636(c).

   In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision. Fed.R.Civ.P. 54(b) does permit the district court to expressly direct entry of the judgment as to fewer than all of the claims or parties. See Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1369 (11th Cir. 1983), cert. denied 464 U.S. 893 (1983). Certain matters, such as attorney's fees and costs, are collateral and do not affect the time for appealing from the judgment on the merits. Buchanan v. Stanships, Inc., 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed 2d 289 (1988): Budinich v. Becton, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed 2d 178 (1988).

   *Appeals Pursuant to 28 U.S.C. §1292(b) and FRAP 5*: The certificate specified in 28 U.S.C. §1292(b) must be obtained before an application for leave to appeal is filed in the Court of Appeals. Denial or refusal by the district court to issue the certificate is not itself applicable.

   *Appeals Pursuant to 28 U.S.C. §1292(a)*: Pursuant to this statute, appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions...." and "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases...." This statute does not permit appeals from temporary restraining orders.

   *Appeals Pursuant to Judicially Created Exceptions to the Finality Rule*: These limited exceptions are discussed in many cases, including (but not limited to): Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed 2d 1528 (1949); Forgay v. Conrad, 6 How. (47 U.S.) 201 (1848); Gillespie v. United States Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed. 2d 199 (1964); Atlantic Federal Savings & Loan Assn. Of Ft. Lauderdale v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371 (11th Cir. 1989). Compare Coopers and Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed 2d 351 (1978); Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed. 2d 296 (1988).

2. **Time for Filing**: To be effective a notice of appeal must be timely filed. Timely filing is jurisdictional. In civil case FRAP 4(a) and 4(c) set the following time limits:

   FRAP 4(a)(1): The notice of appeal required by FRAP 3 "must be <u>filed with the clerk of the district court</u> within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by <u>any party</u> within 60 days after such entry...." (Emphasis added). To be effective, the notice of appeal generally must be filed in the district court clerk's office within the time permitted. If a notice of appeal is mailed, it must be timely received and filed by the district court to be effective. FRAP 4(c) establishes special filing provisions for notices of appeal filed by an inmate confined in an institution, as discussed below.

   FRAP 4(a)(3): "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the <u>first</u> notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires." (Emphasis added).

   FRAP 4(a)(4): If <u>any</u> party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in FRAP 4(a)(4), the time for appeal for <u>all</u> parties runs from the entry of the order disposing of the last such timely filed motion outstanding.

   FRAP 4(a)(5) and FRAP 4(a)(6): The <u>district</u> court has power to extend the time to file a notice of appeal. Under FRAP 4(a)(5) the time may be extended if a motion for extension is filed within 30 days after expiration of the time otherwise permitted to file a notice of appeal. Under FRAP 4(a)(6) the time may be extended if the district court finds upon motion that a party has not received notice of entry of the judgment or order and that no party would be prejudiced by extension.

   FRAP 4(c): "If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or by a declaration (in compliance with 28 U.S.C. §1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

3. **Format of Notice of Appeal**: Form 1, FRAP Appendix of Forms, is a suitable format. See also FRAP 3(c). A single notice of appeal may be filed from a (single) judgment or order by two or more persons whose "interests are such as to make joinder practicable...." [FRAP 3(b)].

4. **Effect of Notice of Appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction (see Fed.R.Civ.P. 60) or to rule on a timely motion of the type specified in FRAP 4(a)(4).

# United States Court of Appeals
## Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

In Replying Give Number
Of Case And Names of Parties

## NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that <u>all</u> prisoners pay the Court's $250 docket fee plus $5 filing fee (for a total of $255) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1)  pay the total $255 fee to the clerk of the district court from which this case arose; *or*

(2)  arrange to have a prison official certify to the district court from which the appeal arose the <u>average</u> monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the <u>average</u> monthly deposits or of the <u>average</u> monthly balances shown in your prison account. The remainder of the total $255 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $255 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, **but the total $255 fee will be assessed against and will be deducted from future deposits to your prison account**.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $255 fee is collected, even if an appeal is unsuccessful.

THOMAS K. KAHN
Clerk

PLRA Notice
Rev.: 6/96